UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Darlene DeLong,<br><br>          Plaintiff,<br><br>v.<br><br>Ally Financial Inc.;<br>Equifax Information Services, LLC; and<br>Experian Information Solutions, Inc.,<br><br>          Defendants. | Case No. 2:24-cv-520 |

# COMPLAINT

## INTRODUCTION

1.      This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff is an individual residing in Lee County, FL.

5.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6.      Defendant Ally Financial Inc. is a furnisher of consumer credit information to consumer reporting agencies.

1

7. Defendant Equifax Information Services, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

8. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

9. Defendant Experian Information Solutions, Inc. is engaged in the business of maintaining and reporting consumer credit information for profit.

10. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11. In or around January 2024, Plaintiff checked her credit reports and noticed that Ally was reporting inaccurate information regarding an "OLLO/CWS" account.

12. Specifically, Ally reported that the account had a balance of $863 owing as of November 27, 2022.

13. This information associated with the account was not updated since November 2022.

14. Therefore, the tradeline did not display Plaintiff's accurate payment history and balances.

15. By omitting over a year of positive payment history and providing an incorrect balance, the reporting is misleading and harmful to Plaintiff's credit.

16. The inaccurate information regarding the account appearing on Plaintiff's consumer report harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

17. Equifax and Experian published the inaccurate information regarding the account to third parties.

18. Plaintiff has lost time and incurred expense working to resolve the inaccurate information associated with the account to prevent further harm.

**WRITTEN DISPUTE**

19. On or about January 25, 2024, Plaintiff sent a written letter to Equifax and Experian disputing the inaccurate information regarding the account reporting on Plaintiff's consumer report, and requesting a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

20. Equifax and Experian forwarded Plaintiff's dispute to Ally for reinvestigation.

21. Ally received notification of Plaintiff's dispute from Equifax and Experian.

22. Ally failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed review underlying account information with respect to the disputed information and the accuracy of the disputed information.

23. Equifax and Experian failed to conduct an investigation, contact Plaintiff, contact third parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

24. Ally failed to instruct Equifax and Experian to correct the inaccurate information reporting on Plaintiff's consumer report.

25. Equifax and Experian employed an investigation process that was not reasonable and did not remove the inaccurate information identified in Plaintiff's dispute.

26. Equifax and Experian employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer report.

27. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's dispute.

### COUNT I – Ally

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

28. Plaintiff re-alleges and reaffirms paragraphs 1-6, 11-19, 21-22, 24, and 27 as though fully set forth herein.

29. After receiving Plaintiff's dispute, Ally failed to correct the inaccurate information regarding the account reporting on Plaintiff's consumer reports.

30. Ally violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying inaccurate information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

31. As a result of this conduct, action, and inaction of Ally, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

32. Ally's conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

33. In the alternative, Ally was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

34. Plaintiff is entitled to recover costs and attorneys' fees from Ally pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT II – Equifax and Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

35. Plaintiff re-alleges and reaffirms paragraphs 1-5, 7-20, 23, and 25-27 as though fully set forth herein.

36. After receiving Plaintiff's dispute, Equifax and Experian failed to correct the inaccurate information reporting on Plaintiff's consumer report.

37. Equifax and Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

38. As a result of this conduct, action and inaction of Equifax and Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

39. The conduct, action, and inaction of Equifax and Experian was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

40. In the alternative, Equifax and Experian acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

41. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – Equifax and Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

42. Plaintiff re-alleges and reaffirms paragraphs 1-5, 7-20, 23, and 25-27 as though fully set forth herein.

43. After receiving Plaintiff's dispute, Equifax and Experian failed to correct the inaccurate information reporting on Plaintiff's consumer report.

44. Equifax and Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

45. As a result of this conduct, action and inaction of Equifax and Experian, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. The conduct, action, and inaction of Equifax and Experian was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

47. In the alternative, Equifax and Experian acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: June 3, 2024

*/s/ Trescot Gear*
Gear Law, LLC
1405 W. Swann Ave.
Tampa, FL 33606

Mailing Address:
McCarthy Law, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff